IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kareem Adule Jabbar Leaphart, #279361, ) | Civil Action No.: 3:21-cv-00494-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Robert McIntyre; Douglas Curry; ) | **ORDER AND OPINION** |
| James Gleaton; John Moore; ) | |
| Todd Strange; and ) | |
| The Lexington Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Kareem Adule Jabbar Leaphart ("Plaintiff"), as a state prisoner proceeding *pro se*[1] and *in forma pauperis*[2], brought a civil action ("Complaint")[3] pursuant to 42 U.S.C. § 1983. (ECF No. 1, 18.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On August 30, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court summarily dismiss the Complaint against Defendants Robert McIntyre, James Gleaton, John Moore, Todd Strange, and the Lexington Police Department. (ECF No. 20.) For the reasons

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

[2] The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.

[3] Plaintiff's original Complaint (ECF No. 1) and Amended Complaint (ECF No. 18) have been consolidated into one pleading.

set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and **DISMISSES WITH PREJUDICE** Plaintiff's claims (ECF No. 1, 18) against Defendants Robert McIntyre, James Gleaton, John Moore, Todd Strange, and the Lexington Police Department.

## I.     BACKGROUND

The Report sets forth the relevant background facts and legal standards which this court incorporates herein without a full recitation. (*See* ECF No. 20 at 1–3.) The court will only reference additional facts that are pertinent to the analysis of the issues before it. On February 16, 2021, Plaintiff filed his original Complaint alleging violation of his Constitutional Rights. (ECF No. 1.) After review of the original Complaint, the Magistrate Judge provided an opportunity for Plaintiff to cure deficiencies, and on August 19, 2021, Plaintiff filed an Amended Complaint (ECF No. 18) that was consolidated with the original Complaint into one pleading. On August 30, 2021, the Magistrate Judge issued a Report and Recommendation regarding Plaintiff's consolidated pleading. (ECF No. 20.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court; the recommendation has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or

modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III.  ANALYSIS

Plaintiff alleges that Defendants violated his right to due process by failing to properly handle the evidence that led to his arrest and subsequent criminal trial. (ECF Nos. 18 at 3–4; 20 at 3.) In the Report, the Magistrate Judge found that the allegations against Defendant Curry could be liberally construed as raising a plausible claim under the Fourteenth Amendment. (ECF No. 20 at 4, 6.) However, the Magistrate Judge found Plaintiff's claims against the remaining Defendants were still subject to summary dismissal. (*Id*. at 4.)

As the Magistrate Judge explained, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. (*Id*. at 5 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).) The Magistrate Judge found the Lexington Police Department is not a "person" as required by the statute, therefore, cannot be sued under § 1983 and any such claims require dismissal. (*Id*.) Further, as noted in the Report, it is well-established that a person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. (*Id*.) The Magistrate Judge explicitly warned Plaintiff that general references to "officers" would be insufficient to establish liability under § 1983. (ECF No. 15 at 2–3.) Although Plaintiff narrowed the scope of this action to Defendant Curry's alleged mishandling of the buy money and his testimony regarding the same at trial (ECF No. 18 at 3–4), the Magistrate Judge found that Plaintiff did not address how the remaining Defendants were personally involved in Plaintiff's alleged deprivation of rights, therefore, the claims against Defendants McIntyre, Gleaton, Moore,

and Strange were subject to summary dismissal. (ECF No. 20 at 6.)

The Magistrate Judge advised Plaintiff of his right to file specific written objections to the Report within fourteen (14) days of the date of service. (*Id*. at 8, citing 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).) However, Plaintiff did not file any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on FED. R. CIV. P. 72). Further, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20), and **DISMISSES WITH PREJUDICE** Plaintiff's claims (ECF No. 1, 18) against Defendants Robert McIntyre, James Gleaton, John Moore, Todd Strange, and the Lexington Police Department.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 16, 2021
Columbia, South Carolina